**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
CASE NO.:

NIGEL FRANK DE LA TORRE PARDO,

       Plaintiff,

v.

HOMESTEAD HOLDINGS II LLC D/B/A
TOWNEPLACE SUITES BY MARRIOTT,

       Defendant.

_____/

## <u>COMPLAINT</u>

Plaintiff, NIGEL FRANK DE LA TORRE PARDO, individually and on behalf of all other.

similarly situated mobility-impaired individuals (hereinafter "Plaintiff"), sues HOMESTEAD

HOLDINGS II LLC D/B/A TOWNEPLACE SUITES BY MARRIOTT (hereinafter "Defendant"),

and as grounds alleges:

### <u>JURISDICTION, PARTIES, AND VENUE</u>

1.      This is an action for injunctive relief, attorneys' fees, litigation expenses, and

costs pursuant to 42 U.S.C. § 12181, <u>et</u> <u>seq.</u>, (the "Americans with Disabilities Act" or "ADA")

and 28 U.S.C. §§ 2201 and 2202.

2.      The Court has original jurisdiction over Plaintiff's claims arising under 42 U.S.C.

§ 12181, <u>et seq.</u> pursuant to 28 U.S.C. §§ 1331, 1343 and 42 U.S.C. § 12117(a).

3.      Plaintiff, NIGEL FRANK DE LA TORRE PARDO, is an individual over eighteen

years of age, with a residence in Miami-Dade County, Florida, and is otherwise *sui juris.*

4.      At all times material, Defendant, HOMESTEAD HOLDINGS II LLC D/B/A

TOWNEPLACE SUITES BY MARRIOTT owned and operated a commercial hotel property at

935 NE 30th Terrace, Homestead Florida, 33033 (hereinafter the "commercial hotel property") and conducted a substantial amount of business in that place of public accommodation in Miami, Florida.

5.      At all times material, HOMESTEAD HOLDINGS II LLC D/B/A TOWNEPLACE SUITES BY MARRIOTT was and is a Florida Limited Liability Company, organized under the laws of the State of Florida, with its principal place of business in Miami, Florida.

6.      Venue is properly located in the Southern District of Florida because Defendant's commercial hotel property, is located in Miami-Dade County, Florida; Defendant regularly conduct business within Miami-Dade County, Florida; and because a substantial part(s) of the events or omissions giving rise to these claims occurred in Miami-Dade County, Florida.

FACTUAL ALLEGATIONS

7.      Although well over thirty-three (33) years has passed since the effective date of Title III of the ADA, Defendant has yet to make its/their facilities accessible to individuals with disabilities.

8.      Congress provided commercial businesses one and a half years to implement the Act. The effective date was January 26, 1992.  In spite of this abundant lead-time and the extensive publicity the ADA has received since 1990, Defendant has continued to discriminate against people who is disabled in ways that block them from access and use of Defendant's property and the businesses therein.

9.      The ADA prohibits discrimination on the basis of disability in 28 CFR 36.201 and requires commercial landlords and tenants to be liable for compliance.

10.     Plaintiff, NIGEL FRANK DE LA TORRE PARDO, is an individual with disabilities as defined by and pursuant to the ADA.  NIGEL FRANK DE LA TORRE PARDO

uses a wheelchair to ambulate. NIGEL FRANK DE LA TORRE PARDO has very limited use of his hands and cannot operate any mechanisms which require tight grasping or twisting of the wrist. He has lower paraplegia, which inhibits him from walking or otherwise ambulating without the use of a wheelchair.  He additionally has limitations involving his arms and hands.  He is limited in his major life activities by such, including but not limited to walking, standing, grabbing, grasping and/or pinching.

11.     Defendant, HOMESTEAD HOLDINGS II LLC D/B/A TOWNEPLACE SUITES BY MARRIOTT owns, operates and/or oversees the subject commercial hotel property; to include its general parking lot, parking spots, and entrance access and path of travel specific to the tenant businesses therein and all other common areas open to the public located within the Commercial hotel property.

12.     The subject commercial hotel property is open to the public and is located in Miami, Florida. The individual Plaintiff visits the commercial hotel property, to include visits to the commercial hotel property and businesses located within the commercial hotel property on December 9-10, 2025 as well as on December 13-14, 2025, and encountered multiple violations of the ADA that directly affected his ability to use and enjoy the commercial hotel property and hotel business therein.  The Plaintiff often visits the commercial hotel property in order to avail himself of the goods and services offered there, and because it is approximately three (3) miles (eight minutes) from his residence and is near other business the frequents as a patron.  He plans to return to the commercial hotel property within four (4) months from the date of the filing of this Complaint.

13.     The Plaintiff, NIGEL FRANK DE LA TORRE PARDO, found the commercial hotel property to be rife with ADA violations.  The Plaintiff encountered architectural barriers at

3

the commercial hotel property and wishes to continue his patronage and use of the premises and the business(es) located within the commercial hotel property.

14. The Plaintiff, NIGEL FRANK DE LA TORRE PARDO, has encountered architectural barriers that is in violation of the ADA at the subject commercial hotel property. The barriers to access at Defendant's commercial hotel property has each denied or diminished Plaintiff's ability to visit the commercial hotel property, and in addition has endangered his safety in violation of the ADA. The barriers to access, which is set forth below, has likewise posed a risk of injury(ies), embarrassment, and discomfort to Plaintiff, NIGEL FRANK DE LA TORRE PARDO, and others similarly situated.

15. The Defendant, HOMESTEAD HOLDINGS II LLC D/B/A TOWNEPLACE SUITES BY MARRIOTT owns and operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201 (a) and 36.104. The Defendant is liable damages related to ADA noncompliance and responsible for complying with the obligations of the ADA. The place of public accommodation that it owns and operates are the commercial hotel property located at 935 NE 30th Terrace, Homestead Florida, 33033.

16. Defendant, HOMESTEAD HOLDINGS II LLC D/B/A TOWNEPLACE SUITES BY MARRIOTT owns and operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201 (a) and 36.104. Defendant, HOMESTEAD HOLDINGS II LLC D/B/A TOWNEPLACE SUITES BY MARRIOTT as the owner of the commercial property, is responsible for complying with the obligations of the ADA. The place of public accommodation that Defendant, HOMESTEAD HOLDINGS II LLC D/B/A TOWNEPLACE SUITES BY MARRIOTT owns and operates is located at 935 NE 30th Terrace, Homestead Florida, 33033, and as the owner of this business is responsible for ADA compliance

4

for this place of public accommodation.

17.     Defendant, HOMESTEAD HOLDINGS II LLC D/B/A TOWNEPLACE SUITES BY MARRIOTT as owner of the commercial hotel property, is liable for all ADA violations listed in this Complaint.

18.     Plaintiff, NIGEL FRANK DE LA TORRE PARDO, has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to the described  commercial hotel property, including but not necessarily limited to the allegations of this Complaint.  Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination at the commercial hotel property, in violation of the ADA. Plaintiff desires to visit the commercial hotel property business located therein, not only to avail himself of the goods and services available at the commercial hotel property, but to assure himself that the commercial hotel property is in compliance with the ADA, so that he and others similarly situated will has full and equal enjoyment of the commercial hotel property without fear of discrimination.

19.     Defendant has discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the commercial hotel property, as prohibited by 42 U.S.C. § 12182 et seq.

### COUNT I – ADA VIOLATIONS HOMESTEAD HOLDINGS II LLC D/B/A TOWNEPLACE SUITES BY MARRIOTT

20.     The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 19 above as though fully set forth herein.

21.     Defendant, HOMESTEAD HOLDINGS II LLC D/B/A TOWNEPLACE SUITES BY MARRIOTT has discriminated, and continues to discriminate, against Plaintiff in violation of the ADA by failing, inter alia, to have accessible facilities by January 26, 1992 (or January 26,

1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less).  A list of the violations that Plaintiff encountered during his visit to the Commercial hotel property, include but are not limited to, the following:

A.      Entrance Access and Path of Travel

i.      The Plaintiff had difficulty traversing the path of travel, as there are cross slopes in excess of 2%. Violation: The path of travel contains excessive cross slopes in violation of Section 4.3.7 of the ADAAG and Section 403.3 of the 2010 ADA Standards, whose resolution is readily achievable.

ii.      The Plaintiff had difficulty traversing the path of travel, as it was not continuous and accessible. Violation: There are inaccessible routes between sections of the facility. These are violations of the requirements in Sections 4.3.2(2), 4.3, and 4.5 of the ADAAG and Sections 206.2.2, 303, 402 and 403, whose resolution is readily achievable.

iii.      The Plaintiff had difficulty on the path of travel at the facility, as ramps do not have compliant handrails violating Section 4.8.5 of the ADAAG and Section 405.8 of the 2010 ADA Standards, whose resolution is readily achievable.

iv.      The Plaintiff could not enter the hotel without assistance, as the required level landing is not provided at accessible entrances. Violation: A level landing that is 60 inches minimum perpendicular to the doorway is not provided at accessible entrances violating Section 4.13.6 and Figure 25(a) of the ADAAG and Section 404.2.4 of the 2010 ADA Standards, whose resolution is readily achievable.

v.      The Plaintiff had difficulty entering the facility, as there are gates with less than 18" of latch side clearance on the pull side of the gate and they lack a level landing. Violation: The required latch side clearance is not provided at gates, violating Sections 4.1.2(7c) and

4.13.6 of the ADAAG and Figure 25(a) of the ADAAG and Sections 216.3 and 404.2.4 of the 2010 ADA Standards, whose resolution is readily achievable.

vi.     The Plaintiff had difficulty using ramps, as they are located on an excessive slope. Violation: Ramps at the facility contain excessive slopes, violating Section 4.8.2 of the ADAAG and Section 405.2 of the 2010 ADA Standards, whose resolution is readily achievable.

vii.    The Plaintiff had difficulty entering at public entrances without assistance, as the required maneuvering clearance is not provided. Violation: The entrance doors do not provide the required latch side clearance violating Section 4.13.6 of the ADAAG and Section 404.2.4 of the 2010 ADA Standards, whose resolution is readily achievable.

B.   Access to Goods and Services

i.     There is seating provided at the facility that does not comply with the standards prescribed in Section 4.32 of the ADAAG and Sections 226 & 902 of the 2010 ADA Standards, whose resolution is readily achievable.

C.   Public Restrooms

i.     The Plaintiff could not exit the restroom without assistance, as the required maneuvering clearance is not provided. Violation: The restroom door does not provide the required latch side clearance violating Section 4.13.6 of the ADAAG and Section 404.2.4 of the 2010 ADA Standards, whose resolution is readily achievable.

ii.    The Plaintiff could not use the lavatories outside the accessible toilet compartment without assistance, as they are mounted too high. Violation: There are lavatories outside accessible toilet compartments in public restrooms with the counter surfaces mounted too high,

violating the requirements in Section 4.19.2 and Figure 31 of the ADAAG and Sections 213.3.4 & 606.3 of the 2010 ADA Standards, whose resolution is readily achievable.

iii.     The Plaintiff could not use the mirror, as it is mounted too high. Violation: The mirrors provided in the restrooms are in violation of the requirements in Section 4.19.6 of the ADAAG and Section 603.3 of the 2010 ADA Standards, whose resolution is readily achievable.

iv.     The Plaintiff was exposed to a cutting/burning hazard because the lavatory pipes are not wrapped. Violation: The lavatory pipes are not fully wrapped or maintained violating Section 4.19.4 of the ADAAG and Section 606.5 of the 2010 ADA Standards, whose resolution is readily achievable.

D.     Accessible Guestrooms

i.     The hotel does not provide the requisite number of guestrooms designated for disabled use, with compliant roll-in showers for use by the disabled, violating Section 9.1.2 of the ADAAG and Section 224.2 of the 2010 ADA Standards, whose resolution is readily achievable.

ii.     The accessible guestrooms are not dispersed among the various classes of sleeping accommodations available to patrons, violating Section 9.1.4 of the ADAAG and Section 224.5 of the 2010 ADA Standards, whose resolution is readily achievable.

iii.     The required number of accessible guestrooms with compliant bathtubs is not provided, violating Section 9.1.2 of the ADAAG and Section 224.2 of the 2010 ADA Standards, whose resolution is readily achievable.

iv.     The Plaintiff could not use the drapery wands without assistance, as they require tight grasping and twisting of the wrist to operate. Violation: The drapery wands provided in

the designated accessible guestroom are in violation of the requirements of Section 4.27.4 of the ADAAG and Section 309.4 of the 2010 ADA Standards, whose resolution is readily achievable.

v.      The Plaintiff could not use the shower without assistance, as the required securely mounted seating is not at the required location. Violation: The showers do not provide a compliant seat as required in Section 4.21.3 and Figure 36 of the ADAAG & Sections 608.4 and 610.3.2 of the 2010 ADA Standards, whose resolution is readily achievable.

vi.     The Plaintiff could not reach elements in the closet without assistance, as they are mounted too high. Violation: There are elements provided in the guestrooms that are outside the ranges prescribed in Sections 4.2.5, 4.2.6, 4.25.3, & 9.2.2(4) of the ADAAG and Section 308 of the 2010 ADA Standards, whose resolution is readily achievable.

## RELIEF SOUGHT AND THE BASIS

22.     The discriminatory violations described in this Complaint is not an exclusive list of the Defendant's ADA violations.   Plaintiff requests an inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and barriers to access in conjunction with Rule 34 and timely notice. Plaintiff further requests to inspect any and all barriers to access that were concealed by virtue of the barriers' presence, which prevented Plaintiff, NIGEL FRANK DE LA TORRE PARDO, from further ingress, use, and equal enjoyment of the commercial place of public accommodation; Plaintiff requests to be allowed to be physically present at such inspection in conjunction with Rule 34 and timely notice.   A Plaintiff requests the inspection in order to participate in crafting a remediation plan to address Plaintiff's request for injunctive relief. The remediations for the ADA violations listed herein is readily achievable.

9

23.    The Plaintiff, and all other individuals similarly situated, has been denied access to, and has been denied full and equal enjoyment of the goods, services, facilities privileges, benefits, programs and activities offered by Defendant's commercial hotel property and has otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations as set forth above. The Plaintiff, and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act. Plaintiff further requests a remediation plan and the opportunity to participate in the crafting of the remediation plan in order to participate in crafting a remediation plan to address Plaintiff's request for injunctive relief.

24.    Defendant has discriminated against the Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its  place of public accommodation or commercial facility, in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Defendant has also discriminated against Plaintiff in violation of 42 U.S.C. § 12131 et seq. and 28 C.F.R. Part 35 et seq for excluding Plaintiff by reason of disability from participation in and denying him benefits of the services, programs, or activities of a public entity. Furthermore, the Defendant continues to discriminate against Plaintiff, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications is necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of

10

auxiliary aids and services.

25.     Plaintiff is without adequate remedy at law, will suffer irreparable harm, and has a clear legal right to the relief sought. Further, injunctive relief will serve the public interest and all those similarly situated to Plaintiff. Plaintiff has retained the undersigned counsel and is entitled to recover attorneys' fees, costs and litigation expenses from Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

26.     Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for their place of public similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

27.     Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent has been met by the Plaintiff or waived by the Defendant.

28.     Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff's Injunctive Relief, including an order to alter the property where Defendant operates its business at the commercial hotel property and plaza located at 935 NE 30th Terrace, Homestead Florida, 33033  the exterior areas, and the common exterior areas of the commercial hotel property and businesses located within it and to make those facilities readily accessible and useable to the Plaintiff and all other mobility-impaired persons; or by closing the facility until such time as the Defendants cure its violations of the ADA.

11

WHEREFORE, the Plaintiff, NIGEL FRANK DE LA TORRE PARDO, respectfully requests that this Honorable Court issue (i) Injunctive relief against Defendant, including an order to make all readily achievable alterations to the facilities; or to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require Defendant to make reasonable modifications in policies, practices or procedures, when such modifications is necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services; (ii) An award of attorneys' fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205 ; and (iii) such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Dated: April 28, 2026

**ANTHONY J. PEREZ LAW GROUP, PLLC**
*Attorneys for Plaintiff*
7950 W. Flagler Street, Suite 104
Miami, Florida 33144
Telephone: (786) 361-9909
Facsimile: (786) 687-0445
Primary E-Mail: ajp@ajperezlawgroup.com
Secondary E-Mails: jr@ajperezlawgroup.com, mds@ajperezlawgroup.com


By: ___/s/ Anthony J. Perez_____
    ANTHONY J. PEREZ
    Florida Bar No.: 535451

12